Lawrence E. Wilk, #006510
Jonathan P. Ibsen, #023284
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Webster Bank, N.A.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CHARLES JOHN CROWELL and CHRISTA KAYE CROWELL,<br><br>　　　　　Debtor. | In Proceedings Under Chapter 11<br><br>Case No: 04:09-bk-07333 |
| WEBSTER BANK, N.A.<br><br>　　　　　Movant,<br><br>vs.<br><br>CHARLES JOHN CROWELL and CHRISTA KAYE CROWELL,<br><br>　　　　　Respondents. | **MOTION TO LIFT STAY; REQUEST FOR ADEQUATE PROTECTION AND NOTICE OF NONCONSENT TO USE OF CASH COLLATERAL**<br><br>Property Located at:<br>3121 Camino Las Palmeras<br>Cochise County<br>Sierra Vista, Arizona |

Movant, the holder of claims secured by interests in certain real property and rents, issues and profits there from, hereby moves and applies to the court for an order modifying the stay provided by 11 U.S.C. §362 and other stays against lien enforcement with respect to the property, rents, issues and profits; and enjoining or conditioning the use, sale or lease of such property, rents, issues and profits as necessary to provide adequate protection of Movant's interests in the property. The relief requested is more particularly set forth in the following Memorandum of Points and Authorities, upon which this Motion and Application is based.

9999-999/LEW/AMH/726049_v1

## MEMORANDUM AND POINTS OF AUTHORITIES

FACTS:

1. Movant is the present owner and holder of a Note and Deed of Trust, I-4 Family Rider (Assignment of Rents) and Adjustable Rate Rider (collectively the "Deed of Trust"), which is a valid and perfected lien on the real property located at 3121 Camino Las Palmeras, Sierra Vista, Arizona, legally described as follows:

> Lot 83, CANYON DE FLORES PHASE 2A, according to Book 14 of Maps, Page 85, records of Cochise County, Arizona;
>
> EXCEPT all reservations contained in Instrument No. 8712-31763, records of Cochise County, Arizona (hereinafter the "Property").

together with any rents, issues and profits therefrom.

On February 12, 2008, Debtors executed and delivered to Movant an Adjustable Rate Note in the amount of $495,000.00 (the "Note"). A true and correct copy of the Note and Deed of Trust are attached hereto collectively as Exhibit "A".

2. Movant is a party with a possessory interest in the Property evidenced by the Deed of Trust.

3. The debtors in Bankruptcy have a claim or may claim an interest in the Property which is junior and is subject to Movant's interest.

4. The Motion arises under Title 11 of the United States Code in the following described case which has been referred to and is pending in the United States Bankruptcy Court in the District of Arizona:

| | |
|---|---|
| DEBTOR: | Charles John Crowell and Christa Kaye Crowell |
| CASE NUMBER: | 04:09-bk-07333 |
| CHAPTER: | 11 |
| FILING DATE: | April 14, 2009 |

2

JABURG & WILK, P.C.
ATTORNEY AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

9999-999/LEW/AMH/726049_v1

5. The Debtor is in default for failure to pay installments under said Note leaving a principal balance in the amount of $494,483.19, together with costs accrued and accruing interest, as more fully set forth in the Proof of Claim filed by Webster Bank in this proceeding.

6. The Debtor is currently delinquent relative to post petition payments.

7. Movant has incurred or may incur, certain costs, including without limitation, foreclosure title searches, attorneys fees, trustee's fees, taxes, insurance premiums, court costs, costs of sale, and other costs all of which are secured by the Property.

8. Movant is informed and believes and therefore alleges that the Debtor is using the Property, but not as its personal residence.

9. Movant does not have, and has not been offered, adequate protection for Movant's interest in the Property.

10. Movant is informed and believes and therefore alleges that Debtor has no reasonable prospect of reorganization.

11. Movant is informed and believes, and therefore alleges that the fair market value of the Property after deduction of selling costs is less than the sum of Movant's secured claims plus other liens, encumbrances, and exemptions provided by law and that the Property, rents, issues and profits therefore are burdensome and inconsequential value to the estate.

12. Movant's belief is based upon the Debtors schedules in which Debtor acknowledges the existence of Movant's debt in the amount of $545,000.00, and values the Property at $350,000.00. Movant's belief is also based on an August 13, 2008 appraisal, valuing the Property at $420,000.00. (See Exhibit "B")

13. Debtor is believed to be leasing the Property.

14. Pursuant to Paragraph 4 of the I-4 Family Rider, Debtors Assigned all of their right to collect rents from the Property to Movant. Debtors are hereby placed on notice of Movant's Nonconsent to Use of its Cash Collateral (i.e. rents collected from the Property).

///

///

3

JABURG & WILK, P.C.
ATTORNEY AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

9999-999/LEW/AMH/726049_v1

LAW:

    (A)    AUTOMATIC STAY:

Pursuant to 11U.S.C. §362(d) Movants are entitled to relief from the automatic stay to enforce its lien on either of two grounds: (1) for cause including lack of adequate protection of an interest in the Property, or (2) the Debtor has no equity and the Property is not necessary to an effective reorganization. Implicit in the second of these is that, unless a reorganization is contemplated and feasible, a creditor is entitled to relief from the automatic stay if the Debtor has no equity in the Property. E.g. Frankford Trust Company v. Dublin Property, (In re Dublin Properties) 4 C.B.C. 2d 885, 889 (E.D. Pa. Bankr. 1981).

On only one issue does a Movant requesting relief from the stay have the burden of proof and that is the issue of the Debtor's equity in the Property. On all other issues any party opposing relief has the burden of proof. 11 U.S.C. §362(g). Unless a party opposing relief produces evidence on these points, a Movant is entitled to relief without presenting any evidence whatsoever. See, Gauvin v. Wagner (In re Gauvin), 8 C.B.C.2d 359, 361, 10BCD 219, 24 B.R. 578 (9th Cir BAP 1982). Moreover, if a party opposing relief alleges that an "equity cushion" furnishes adequate protection, then that party must produce evidence and carry the burden of proof event on the issue of equity. Id.

    (B)    PRELIMINARY HEARING:

As noted above, any party resisting from the automatic stay or seeking to use property of the estate must carry the burden of proof on the issue of adequate protection. A party requesting relief from the stay receives it automatically 30 days after the date of its request unless the Court after a notice and hearing orders the stay extended. 11 U.S.C. §362(e)(1). See Dublin Properties, 4 C.B.C.2d at 889.

    (C)    REQUEST FOR RELIEF:

For the reasons set forth above, Movants respectfully request:

1.    That all stays, including without limitation, injunctions, restraining orders, and the automatic stays provided by 11 U.S.C. §362 and §524, be vacated with respect to the Property,

4

or modified to permit Movant, or its agents, attorneys, employees and assigns and such other persons as the Court shall deem appropriate to take any and all actions to assert its rights to the Property under the Note, other security agreements, and non-bankruptcy law, including without limitation the rights: to declare all sums secured to be immediately due and payable; to exercise any assignment of rents; to bring foreclosure action either non-judicially or in any Court of competent jurisdiction; to apply all funds in the possession of the Movants under the provisions of the Note or other security agreement; and to sell the Property or any part thereof pursuant to the Note or any other valid security agreement.

2. That, pending a final hearing on the merits, an order be entered permitting Movant to record, mail, post and publish Notice of Trustee's Sale pursuant to A.R.S. §33-801 et. seq, as may be necessary, but enjoining Movants to continue the Trustee's Sale from time to time as necessary until this Court grants further relief pursuant to 11 U.S.C. §362(d) or (e) or until the automatic stay expires by operation of law.

3. In the alternative, that Movant is entitled to adequate protection of its interest in the Property and more specifically in that alternative, that the Debtors be ordered to make periodic cash payments to Movant equal to the fair rental value for the use and occupancy of the Property from the date of bankruptcy and that the Debtor be directed to maintain adequate hazard insurance on the Property to protect the interest of Movant and further, that Movant shall have a claim with priority over every other claim allowable under 11U.S.C. §507(a)(1) for any claim of Movant arising from the failure of the Debtor(s) to adequately protect the interest of Movant in the Property.

4. That Debtor be restrained from the use of Movant's cash collateral.

/ / /

/ / /

/ / /

/ / /

/ / /

9999-999/LEW/AMH/726049_v1

CONCLUSION:

For the reasons set forth herein, Movant requests entry of an Order Modifying Stays against lien enforcement; and granting such other and further relief as is just.

DATED this 29th day of May, 2009.

**JABURG & WILK, P.C.**

/s/Lawrence E. Wilk, # 006510
Lawrence E. Wilk
Jonathan P. Ibsen
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Attorneys for Webster Bank, N.A.

**COPY** of the foregoing mailed
this 29th day of May, 2009 to:

Charles John Crowell
P.O. Box 1395
Hereford, AZ 85615

Christa Kaye Crowell
a/k/a Christa Kay Aguilar
a/k/a Christa Kay Zurcher
P.O. Box 1395
Hereford, AZ 85615

Pernell W. McGuire
McGuire Gardner P.L.L.C.
320 N. LeRoux
Flagstaff, AZ 86001
*Attorneys for Debtors*

Nancy K. Swift
Buchalter Nemer, PC
16435 N. Scottsdale Rd., Ste. 440
Scottsdale, AZ 85254
*Attorneys for Tombstone Federal Credit Union*

GE Money Bank
c/o Recovery Management Systems Corp.
Attn: Ramesh Singh
25 SE 2nd Ave., Ste. 1120
Miami, FL 33131-1605
*Agent for GE Money Bank (JC Penney Credit Services)*

9999-999/LEW/AMH/726049_v1

Maria Tsagaris, Esq.
McCalla Raymer, LLC
1544 Old Alabama Road
Roswell, GA 30076-2102
*Attorneys for Litton Loan Service, L.P.;*
*America's Servicing Company*

Terry Bannon
Deputy County Attorney
Cochise County Attorney's Office
P.O. Drawer CA
Bisbee, AZ 85603

Office of the U.S. Trustee
Attn: Christopher J. Pattock
230 N. First Avenue, # 204
Phoenix, Arizona 85003-1706

Twenty Largest Creditors (list attached as Exhibit "C")

/s/Andrina Hughes
Andrina Hughes

**JABURG & WILK, P.C.**
ATTORNEY AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012