GERARD R. O'MEARA, ESQUIRE
Bar No. 002434
Gust Rosenfeld, PLC
1 South Church Avenue, Suite 1900
Tucson, Arizona 85701-1620
(520) 628-7070
*gromeara@gustlaw.com*

POLK, PROBER & RAPHAEL, A LAW CORPORATION
P. O. Box 4365
Woodland Hills, California 91365-4365
(818) 227-0100
PPR#:C.094-4630
Attorneys for Movant

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>CHARLES JOHN CROWELL and CHRISTA KAYE CROWELL, a/k/a CHRISTA KAYE AGUILAR, a/k/a CHRISTA KAY ZURCHER,<br><br>    Debtors. | Bankruptcy Case No. 4:09-bk-07333-JMM<br><br>Chapter 11 |
| DECISION ONE MORTGAGE COMPANY, LLC, its assignees and/or successors in interest,<br><br>    Movant,<br><br>vs.<br><br>CHARLES JOHN CROWELL and CHRISTA KAYE CROWELL, a/k/a CHRISTA KAYE AGUILAR, a/k/a CHRISTA KAY ZURCHER,<br><br>    Respondents. | MOTION FOR RELIEF FROM AUTOMATIC STAY |

1

Decision One Mortgage Company, LLC, its assignees and/or successors in interest ("Movant"), hereby moves that the Court enter an Order granting Movant relief from the Automatic Stay of 11 U.S.C. §362(a) (1984) to permit Movant to foreclose the lien of its Deed of Trust on real property owned by the Debtors by judicial foreclosure proceedings or by exercise of the power of sale. The bases of the Movant's motion are set forth in the Memorandum attached hereto.

Dated this 8th day of July 2009.

GUST ROSENFELD, P.L.C.

By /s/ Gerard R. O'Meara
Gerard R. O'Meara, Esquire
Bar No. 002434
Attorney for Movant

MEMORANDUM

FACTS:

Movant is the payee under that certain Promissory Note dated April 13, 2006 ("Note" herein). Further, Movant is the present holder and owner of that certain first Trust Deed of same date ("Trust Deed" herein) securing said Note against Debtors' property generally described as **7852 South Windsock Road, Hereford, Arizona** and legally described as follows:

Escrow No. 206283-GC
Title Order No. 80206283

EXHIBIT ONE

PARCEL 1

A portion of the parcel of land described in instrument recorded in no. 9604-09701 records of Cochise County, Arizona, Said parcel being a portion of SECTION 17, TOWNSHIP 23 South, RANGE 22 East of the Gila and Salt River Base and Meridian, Cochise County, Arizona, described as follows:

COMMENCING at the Northwest corner of said recorded parcel of land;
THENCE S 00 degrees 03 minutes 21 seconds E along the West line of said Parcel 125.00 feet to a point;
THENCE N 90 degrees 00 minutes 00 seconds E, a distance of 120.00 feet to the Point of Beginning
THENCE North 90 degrees 00 minutes 00 seconds East, a distance of 417.42 feet;

THENCE South 00 degrees 03 minutes 21 seconds East a distance of 417.42 feet;
THENCE South 90 degrees 00 minutes 00 seconds West, a distance of 417.42 feet;
THENCE North 00 degrees 03 minutes 21 seconds East, along the West line of said Parcel, a distance of 417.42 feet to the POINT OF BEGINNING.

EXCEPT all oil, gas and/or mineral interest in each case in so far, and only insofar, as the same cover and included oil, gas and other liquid and gaseous hydrocarbons and any minerals or other substances produce in association therewith ("hydrocarbons") in, on or under the properties as granted in Deed recorded in Document 8902-02244 and corrected by Document No. 9004-07528, records of Cochise County, Arizona; and

EXCEPT all remaining oil, gas and other hydrocarbon substances, and all other minerals of whatever kind or character, all herein collectively called "minerals", whether now known to exist of hereafter discovered (it being intended that the word "minerals" as used herein shall be defined in the broadest sense of the word) all salt water, brines and geothermal resources which are in, under or may be produced from real property as reserved in Deed recorded in Document No. 9001-00683, records of Cochise County, Arizona;

Parcel II:

A 60.00 foot Private Easement for ingress and egress and utilities lying in a portion of Section 17, Township 23 South, Range 22 East of the Gila and Salt River Base and Meridian, Cochise County, Arizona, more particularly described as follows:

Commencing at the Southwest corner of said Section 17;
thence N 00 degrees 02 minutes 01 seconds W along the West line of said Section 17 a distance of 1354.00 feet to a point;
thence S 89 degrees 58 minutes 00 seconds E a distance of 1490.81 feet to the Point of Beginning of said 60.00 foot private easement for ingress and egress and utilities, the sidelines lying 40.00 feet to the right and 20.00 feet to the left of the following described line;
thence S 00 degrees 17 minutes 16 seconds W, a distance of 240.00 feet to the Point of Terminus

PARCEL III

A 40.00 foot private easement for ingress, egress and utilities existing in a portion of SECTION 17, TOWNSHIP 23 South, RANGE 22 East of the Gila and Salt River Base and Meridian, Cochise County, Arizona, described as follows:

COMMENCING at the Southwest corner of said SECTION 17;
THENCE North 00 degrees 02 minutes 01 seconds West along the West line of said SECTION 17, a distance of 2414.31 feet;
THENCE South 89 degrees 52 minutes 11 seconds East, a distance of 1087 feet;

060415342

THENCE North 0 degrees East a distance of 417.42 feet;
THENCE North 90 degrees East a distance of 417.42 feet to a point;
That point being the TRUE POINT OF BEGINNING of said 40.00 foot private easement for ingress, egress and utilities, the sideline lying 40.00 feet to the right of the following described line:

THENCE South 0 degrees 0 minutes 0 seconds West, a distance of 1725.56 feet to the POINT OF TERMINUS.

PARCEL IV

A 40.00 foot private easement for ingress and egress existing in a portion of SECTION 17, TOWNSHIP 23 South, RANGE 22 East of the Gila and Salt River Base and Meridian, Cochise County, Arizona, described as follows:

COMMENCING at the Northeast corner of that parcel of land as recorded in Fee No. 9605-11805, Official Records, Cochise County, Arizona;
THENCE North 89 degrees 52 minutes 11 seconds West along the North line of said parcel a distance of 1219.17 feet to a point;

That point being the TRUE POINT OF BEGINNING of said 40.00 foot private easement for ingress and egress, the sideline lying 40.00 feet to the right of the following described line:
THENCE South 0 degrees 0 minutes 0 seconds West a distance of 1137.16 feet to the POINT OF TERMINUS.

Parcel V

a 40.00 foot easement for ingress and egress existing in a portion of SECTION 17, TOWNSHIP 23 South, RANGE 22 East of the Gila and Salt River Base and Meridian, Cochise County, Arizona, described as follows:

COMMENCING at the Southwest corner of said SECTION 17;
THENCE North 00 degrees 02 minutes 01 seconds West along the West line of said SECTION 17 a distance of 3969.83 feet;
THENCE South 89 degrees 52 minutes 11 seconds East a distance of 2724.51 feet said being the Northeast corner of that parcel of land as created in Document No. 9605-11805, records of Cochise County, Arizona;

Said point also being the TRUE POINT OF BEGINNING of said 40.00 foot easement for ingress, egress, the sideline lying 40.00 foot to the left of the following described line:
THENCE North 89 degrees 52 minutes 11 seconds West a distance of 1934.51 feet;
THENCE South 00 degrees 00 minutes 00 seconds West a distance of 296.00 feet to the POINT OF TERMINUS.

said 40.00 foot easement for ingress, egress and utilities, the sideline lying 40.00 feet to the right of the following described line:
THENCE continue South 89 degrees 52 minutes 11 seconds East a distance of 271.57 feet;
THENCE North 13 degrees 42 minutes 06 seconds West, a distance of 1028.45 feet;
THENCE North 13 degrees 31 minutes 27 seconds West, a distance of 336.27 feet to a point;
THENCE North 13 degrees 10 minutes 39 seconds West a distance of 501.76 feet to the POINT OF TERMINUS on the centerline of existing Hereford Road.

The sideline of said 40.00 foot easement to meet at angle points and the centerline of existing Hereford Road.

Parcel VI

a 40.00 foot easement for ingress, egress and utilities existing in a portion of the SAN RAFAEL DEL VALLE PRIVATE LAND GRANT, as granted by the Patent recorded November 21, 1903 in Book 23 of Deeds, page 140; and all that portion of SECTION 17, TOWNSHIP 23 South, RANGE 22 East of the Gila and Salt River Base and Meridian, Cochise County, Arizona, described as follows:

COMMENCING at the West one-quarter corner of said SECTION 17;
THENCE North 0 degrees 02 minutes 01 seconds West along the West line of said SECTION 17, a distance of 1323.37 feet;
THENCE South 89 degrees 52 minutes 11 seconds East a distance of 2724.51 feet to the POINT OF BEGINNING of

060415342

said 40.00 foot easement for ingress, egress and utilities, the sideline lying 40.00 feet to the right of the following described line:
THENCE continue South 89 degrees 52 minutes 11 seconds East a distance of 271.57 feet;
THENCE North 13 degrees 42 minutes 06 seconds West, a distance of 1028.45 feet;
THENCE North 13 degrees 31 minutes 27 seconds West, a distance of 336.27 feet to a point;
THENCE North 13 degrees 10 minutes 39 seconds West a distance of 501.76 feet to the POINT OF TERMINUS on the centerline of existing Hereford Road.

The sideline of said 40.00 foot easement to meet at angle points and the centerline of existing Hereford Road.

4

("Property" herein). True and correct copies of the Note and Deed of Trust are attached hereto as **Exhibits "A" and "B"** respectively, and incorporated herein by reference.

By virtue of the Note and Deed of Trust, Movant has a possessory interest in the Property and a secured claim against Debtors. Movant may seek leave of Court to specify any further encumbrances against the Property at the time of trial or preliminary hearing hereon.

Debtors are in default under the Note and Deed of Trust by <u>inter alia</u>, failure to pay monthly installments, as detailed below:

| | |
|---|---|
| Unpaid Principal Balance: | $161,330.69 |
| <u>Arrearages:</u> | |
| Monthly Payments from June 1, 2008, through June 1, 2009, at $1,454.30 | $ 18,905.90 |
| Attorneys' Fees | $    500.00 |
| Subtotal Delinquencies | $ 19,405.90 |
| GRAND TOTAL | $180,736.59 |

Movant has incurred, or may incur, certain costs, including, without limitation, a foreclosure title report, attorneys' fees, processing fees, taxes, insurance premiums, court costs, trustee's fees, and other expenses of sale, all of which are secured by the Deed of Trust.

Pursuant to the Note and Trust Deed and 11 U.S.C. Sections 502 and 506, the entire unpaid principal balance together with interest, late charges, costs and advances is due and payable, and recoverable from the Property.

Movant has performed all obligations required of it under the Note and Trust Deed and all conditions precedent to the Debtors' performance there under have occurred.

The commercially reasonable value of the Property is approximately $115,000.00,

as evidenced by the Debtors' Schedules A and D, previously filed with the Court.

Upon information and belief, it is alleged that the Property is not necessary to effectuate reorganization of Debtors; that Debtors are not seeking reorganization; and that Debtors have no reasonable prospect of reorganization.

Upon information and belief, Movant's interest in the Property has not been adequately protected, nor has Movant been offered adequate protection.

REQUEST FOR RELIEF:

The Movant requests that the Court enter an Order relieving it from the Automatic Stay of 11 U.S.C. §362(a) (1984) to allow the Movant to foreclose the lien of its Deed of Trust by judicial foreclosure proceedings or by exercise of the power of sale; or, in the alternative, to grant an Order providing Movant with adequate protection.

The Movant further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant, through its servicing agent BAC Home Loans Servicing, L.P., may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a Reaffirmation Agreement.

Respectfully submitted this 8th day of July 2009.

GUST ROSENFELD, P.L.C.

By: /s/ Gerard R. O'Meara
GERARD R. O'MEARA, Esquire
Bar No. 002434

# SPECIAL NOTICE

**THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.**

The following statement provides you with notice of certain rights which you may have by law. <u>Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents</u> or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

## CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify Decision One Mortgage Company, LLC,'s attorneys in writing within 30 days that all or a part of your obligation or judgment to Decision One Mortgage Company, LLC, is disputed, then Decision One Mortgage Company, LLC,'s attorneys will mail to you a written verification of the obligations or judgment and the amounts owed to Decision One Mortgage Company, LLC. In addition and upon your written request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.