McGuire Gardner P.L.L.C.
Pernell W. McGuire  (SBN 015909)
320 N. Leroux
Flagstaff, AZ  86001
Telephone: (928) 779-1173
Facsimile: (928) 779-1175
pmcguire@mcguiregardner.com
Attorneys for Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE | Case No.  4:09-bk-07333-JMM |
| CHARLES AND CHRISTA CROWELL | Chapter 11 |
| Debtor | **CHAPTER 11 PLAN** |

I.    INTRODUCTION

The Plan of Reorganization envisioned by the Debtors is a restructuring of the secured debt, a full distribution to the secured claim holders and a distribution to the unsecured claim holders in accordance with 11 U.S.C. § 1129(a)(15).  During the plan term, cash flow received from various sources including the rental of certain real estate is projected to be sufficient to pay all administrative, and secured claims in full, and to pay a significant amount to unsecured claims. For purposes of this Plan, the claims of creditors have been computed as would have been allowed by a Chapter 7 trustee (i.e., priorities have been maintained in the classification of creditors).

II. CLASSIFICATION AND TREATMENT OF CLAIMS



A. Allowance of Claims. A claim will receive a distribution under the Plan only if it is an "Allowed Claim." Except as expressly stated in the Plan, or as allowed by the Court, no interest, penalty, late charge or additional charges such as attorneys' fees, shall be added to any claim after it has been allowed.

Creditors whose claims were not scheduled by the Debtors or were scheduled as contingent, unliquidated or disputed are required to file a proof of claim in order to participate in the reorganization, and such proofs of claim must be filed prior to approval of the Disclosure Statement unless a separate bar date has been set by the Court, or unless the claim arises out of the operation of the Plan, such as rejection of executory contracts and leases, or deficiency claims arising out of the abandonment of collateral to previously secured creditors. Proofs of claims are deemed allowed unless objected to by the Debtors or other party in interest, and if an objection is filed, the Bankruptcy Court must determine whether the claim should be allowed.

B. Classification of Claims. The Plan allows the following classes of claims:

Class 1: Administrative Claims. Class 1 claims will consist of all claims which are allowed claims pursuant to Bankruptcy Code § 507(a)(1), including, without limitation, the Allowed Claims of the Debtor's professionals, any other professionals approved by the Court, any quarterly fees payable to the United States Trustee, and other claims of creditors holding Administrative Claims, including taxes.



Class 1A: Class 1A claims will consist of the Allowed Unsecured Priority Claim of the Internal Revenue Service.

Class 2: Secured Claim. Class 2 consists of the Allowed Secured Claim of Tombstone Federal Credit Union, secured by an interest in a 2008 Chevrolet Silverado.

Class 3: Secured Claim. Class 3 consists of the Allowed Secured Claim of Webster Bank secured by an interest in the real property located at 3121 Camino Las Palmeras, Sierra Vista, Arizona.

Class 4 Secured Claim  Class 4 consists of the Allowed Secured Claim of Decision One Mortgage Company, secured by an interest in the real property located at 7852 South Windsock Road, Hereford, Arizona.

Class 5 Secured Claim  Class 5 consists of the Allowed Secured Claim of Litton Loan Servicing, secured by an interest in the real property located at 3804 Cabo Cope Drive, Sierra Vista, Arizona.

Class 6 Secured Claim. Class 6 consists of the Allowed Secured Claim of Saxson Mortgage, secured by an interest in the real property located at 4413 Redwood Street, Sierra Vista, Arizona.

Class 6A Secured Claim. Class 6A consists of the Allowed Secured Claim of Litton Loan Servicing secured by an interest in the real property located at 4413 Redwood Street, Sierra Vista, Arizona.



Class 7 Secured Claim  Class 7 consists of the Allowed Secured Claim of J & J and A & A, LLC, secured by an interest in the real property located at 2977 Camino Las Palmeras, Sierra Vista, Arizona.

Class 8 Secured Claim  Class 8 consists of the Allowed Secured Claim of Cochise County secured by an interest in various parcels of the debtors' real property.

Class 9: Unsecured Lender Claims.  Class 9 will consist of the Unsecured Lender Claims filed by Apache Pointe Lenders, LLC,

Class 10: General Unsecured Claims  Class 10 will consist of all other general unsecured claims.

C. Treatment of Claims.

1. Administrative Claims. Class 1 administrative claims include the costs and expenses incurred in connection with the reorganization, such as the fees of attorneys, accountants, investment bankers, indenture trustees, and consultants allowed by the Bankruptcy Court. Pursuant to Section 507(a)(1) of the Bankruptcy Code, administrative claims are accorded priority treatment in distributions, which priority has been retained under the Plan. The Plan provides for the payment in full of administrative expense claims during the first twelve months of the Plan. The administrative expenses contemplated in the Plan include the following:

a. Costs of Operation. Pursuant to Section 503(b) of the Bankruptcy code, administrative expenses include the costs accruing since the commencement of the case for the actual, necessary costs and expenses of preserving the estate and operating



the business of the Debtors (other than such Claims or portions thereof which, by their express terms, are not due and payable on the Effective Date), including wages, salaries, commissions, or taxes.

  b. Fees of Professionals. The Bankruptcy Court exercises supervision over the employment by the Debtors and committees, or attorneys, accountants and other professionals, including the power to deny request of employment of a particular professional, as well as control over the payment of professionals' fees and expenses. The Bankruptcy Code also empowers the Bankruptcy Court to award compensation to and reimburse expenses of creditors, indenture trustees and others, including their attorneys and other advisors, who make a "substantial contribution" to the reorganization. Such compensation may be sought, but the amounts of such requests are not known at this time. The Bankruptcy Court may approve requests for compensation only after notice and hearing in which parties in interest may participate. Administrative fees may be paid when and as approved by the Bankruptcy Court.

  c. United States Trustee Fees. This case is subject to the payment of a quarterly fee to the United States Trustee. The amount of the fee varies depending on the amount of money disbursed by the Debtors during the calendar quarter, but a minimum fee of $325.00 is due each quarter even if no disbursements are made, or the case may be dismissed or converted to Chapter 7 under Section 1112(b)(10) of the Bankruptcy Code.

Based upon the disbursements of the Debtors, it is reasonable to anticipate that the U.S. Trustee's fees will be assessed at the rate of $325.00 per quarter. These fees have been paid as assessed, and will continue to be paid quarterly until the case is closed.

  d.  <u>Treatment of Class 1A</u>

The debtors shall pay the Class 10 priority claim the sum of $5,696.82 in forty-eight equal installments of $118.68.

  2.  <u>Treatment of Class 2</u>

The debtors have entered into a stipulation with the Class 2 Claim holder Tombstone Federal Credit Union, which stipulation has been approved by the Court. The Stipulation provides that the Class 2 Claim Holder with an Allowed Secured Claim in the amount of $36,215.00. This amount shall be repaid with 5.5% interest over a 72 month period payable at $591.68 per month beginning July 5, 2009 with subsequent payments due on the 5th of each month thereafter until paid in full.

  3.  <u>Treatment of Class 3</u>

Beginning on the 1st of the month following the Effective Date, the debtors shall pay the Class 3 Claim Holder Webster Bank, the sum of $375,000 with interest at the fixed rate of 5.5% per annum over 30 years with a balloon payment of all principal and interest coming due six years after the Effective date. All other terms and conditions of the parties' loan documents shall remain the same.

  4.  <u>Treatment of Class 4</u>

The debtors shall pay the Class 4 Claim Holder, Decision One Mortgage, the net

proceeds from the sale of the property securing its claim together with all cash collateral attributable to the rental of the property securing the Class 4 Claim existing on the Effective Date or the date the property securing the Class 4 claim is sold, whichever is earlier.

5. Treatment of Class 5

Beginning on the 1st of the month following the Effective Date, the debtors shall pay the Class 5 Claim Holder, Litton Loan Servicing, the sum of $265,000 with interest at the fixed rate of 5.5% per annum over 30 years with a balloon payment of all principal and interest coming due six years after the Effective Date. All other terms and conditions of the parties' loan documents shall remain the same.

6. Treatment of Class 6

Beginning on the 1st of the month following the Effective Date, the debtors shall pay the Class 6 claim Holder, Saxson Mortgage, the sum of $165,000 with interest at the fixed rate of 5.5% per annum over 30 years with a balloon payment of all principal and interest coming due six years after the Effective Date. All other terms and conditions of the parties' loan documents shall remain the same.

7. Treatment of Class 6A

Beginning on the 1st of the month following the Effective Date, the debtors shall pay the Class 6 claim Holder, Litton Loan Servicing, the sum of $30,000 with interest at the fixed rate of 5.5% per annum over 30 years with a balloon payment of all principal and interest coming due six years after the Effective Date. All other terms and conditions

of the parties' loan documents shall remain the same.

8. <u>Treatment of Class 7</u>.

Beginning on the 1st of the month following the Effective Date, the debtors shall pay the Class 7 claim Holder, J & J, and A & A, LLC the sum of $325,000 with interest at the fixed rate of 5.5% per annum over 30 years with a balloon payment of all principal and interest coming due six years after the Effective Date. The debtors shall further pay to the Class 7 Claim Holder all cash collateral attributable to the rental of the property securing the Class 7 Claim existing on the Effective Date. All other terms and conditions of the parties' loan documents shall remain the same.

9. <u>Treatment of Class 8</u>.

The debtors shall pay the Class 8 claim Holder, Cochise County, the principal sum of $9,526.55 with interest at the rate of 16% per annum in sixty equal installments of $231.67.

10. <u>Treatment of Class 9</u>. The debtors do not believe that the Class 9 Claimants, the Lending Entities, hold a valid claim against the estate. However, the debtors will set aside each month the pro rata amount (as established under paragraph J) that the Class 9 Claimants would be entitled to receive in the event the Class 9 Claimants establish the validity of their claim.

11. <u>Treatment of Class 10</u>

Beginning on the first anniversary of the Effective Date, the Debtors shall pay the amount of $2,000.00 per month in 60 monthly payments to the Class 10 claims in accordance with the requirements of 11 U.S.C. § 1129(a)(15).

Notwithstanding the Debtor's failure to list any specific debt in the Schedules filed in this Chapter 11 proceeding as contingent, unliquidated, or disputed, **ALL OBLIGATIONS OF THE VARIOUS CREDITORS LISTED IN THE SCHEDULES AND THIS DISCLOSURE STATEMENT AND PLAN SHOULD BE CONSIDERED AS ESTIMATES ONLY AND ALL CLAIMS ARE CONSIDERED DISPUTED AS TO THE AMOUNT UNLESS SUPPORTED BY A TIMELY FILED PROOF OF CLAIM. (AND IF OBJECTION THERETO IS FILED BY DEBTOR, FOLLOWING RESOLUTION BY THE BANKRUPTCY COURT AS TO THE AMOUNTS OF THE CLAIM).** Accordingly, any party believing they are entitled to assert such a claim shall be required, as a condition of participating in any distribution contemplated by this Plan, to file a Proof of Claim on or before the time the Disclosure Statement is approved, or such other date as the Court may set. **ALL CREDITORS' CLAIMS NOT SUPPORTED BY A TIMELY FILED PROOF OF CLAIM MAY BE EXCLUDED FROM PLAN COMPUTATIONS AND DISTRIBUTIONS UNDER THE PLAN OR, AT DEBTOR'S OPTION, INCLUDED AT THE AMOUNTS OR VALUES LISTED HEREIN.**

The holder of any claim to which an objection has been made prior to or on the date on which the first payment to the holder of such a claim is made, shall not be



entitled to receive any distribution otherwise attributable to that claim until the objection has been resolved by order of the Court. Any distribution which would otherwise accrue to the benefit of the holder of an Allowed Claim prior to resolution of an objection shall be held by the Debtors in a segregated account and upon resolution of the objection either paid to the claim holder or returned to the estate, as appropriate, in light of the Court's resolution of the objection. In the event a claim is reduced voluntarily by the claimholder or by ruling of the Court following objection by the Debtors or any other party-in-interest, the Debtors may, at their option, continue to make payments in the monthly amount specified in this Disclosure Statement and the Plan of Reorganization until the reduced claimholder has received all amounts to which it is entitled, or alternatively, reduce the monthly amount payable on behalf of the reduced claim (and all claims of the same class) so that the claims are paid within the time specified in the Disclosure Statement and Plan of Reorganization. This option to decrease the monthly payment but pay for the full term specified in the Plan or maintain the monthly payment and reduce the term over which such payments must be paid, shall be within the sole discretion of the Debtors and the exercise of their reasonable business judgment.

At any time during the duration of this Plan, the Debtors reserve the right to sell all or any part of their unencumbered property interests provided the remaining assets and/or the value received upon sale permits the full distributions required by the Plan. In such event, the Reorganized Debtors will retain any surplus funds following distribution in full to eligible classes.

All undisputed taxes generated by any step of the operation of this Plan, or accruing during the operation of this Plan, will be considered administrative expenses to be satisfied as they accrue.

**THE DEBTORS BELIEVE THAT THE PLAN DESCRIBED HEREIN PROVIDES THE GREATEST AND EARLIEST POSSIBLE RECOVERIES TO CREDITORS. THE DEBTORS THEREFORE BELIEVE THAT ACCEPTANCE OF THE PLAN IS IN THE BEST INTEREST OF EACH AND EVERY CLASS OF CREDITOR, AND RECOMMENDS THAT EACH CLASS VOTE TO ACCEPT THE PLAN.**

III.    DISTRIBUTIONS

A.    Initial Distribution. The accrued costs of administration will be deemed approved as of the later of (i) the Effective Date, or (ii) the date the Court allows such claims, if allowance is required as a condition of payment. Payment will be made as soon as practicable after approval but not later than described above.

B.    Interim Distributions. The Debtors shall calculate the distributions due Allowed Claims monthly, taking into account the resolution of any disputed claims, and shall make the payments required by the Plan.

C.    Unclaimed Distributions. Any distributions under the Plan that are unclaimed for six months will be returned to the Reorganized Debtor.

D.    Estimates. The distributions set forth in this Plan are estimates based on the figures set forth in the Disclosure Statement. The amount of actual distributions may

differ from the estimates by reason of, **inter alia,** additional services for which administrative payments become due, variations in cash flow from operation of the Debtor's business, variations in the amount of Allowed Claims, the existence of disputed claims, or the resolution of such disputes, elections by holders of general unsecured claims to reduce the amount of their claims, and possible deductions and expenses from liquidated property, if any.

IV. <u>CONTINGENCIES</u>

A. At any time during the duration of this Plan, the Debtors reserve the right to sell or refinance all or any part of its Assets for any amount which would permit the full distributions required by the Plan. In such event, the Reorganized Debtors will retain any surplus funds following distribution in full to eligible classes.

V.. <u>EFFECT OF PLAN</u>

A. <u>Vesting of Property.</u> Confirmation of this Plan will vest all of the property of the estate in the Debtors. To the extent required by Section 1124(2) of the Bankruptcy Code, to preserve the rights of a creditor holding a security interest in property of the estate, the lien or encumbrance of that creditor shall, to the extent valid, be preserved.

B. <u>Discharge.</u> Completion of the payments of the amounts due under the Plan will discharge the Debtors from any and all debts dischargeable under Section 1141(d) of the Bankruptcy Code, and will otherwise have all effects provided for in such Section 1141 which are not expressly inconsistent with the provisions of this Plan. Such discharge will be effective as to each claim set forth in this Plan, regardless of whether or

not a proof of claim was filed, whether or not the claim is an Allowed Claim, or whether the holder of the claim votes to accept or reject the Plan.

      C.      <u>Satisfaction of Claims.</u> Upon confirmation of this Plan, all creditors, equity security holders, partners, and other parties in interest who have or assert any claim or cause of action against the Debtors shall be deemed to have acknowledged that their respective claims are fully satisfied by the distribution set forth herein, and each of the claims or causes of action, whether liquidated or contingent, known or unknown, scheduled or unscheduled, filed or unfiled, asserted or assertable, is declared and shall be, for all purposes, fully released and satisfied in full.

      D.      <u>Parties Bound.</u> The provisions of the Plan will bind the Debtors, all creditors, , and all other parties in interest. The Plan is intended to resolve significant controversies between the Debtors and creditors, for which litigation would have the effect of delaying reorganization, consuming scarce assets and potentially jeopardizing the entire reorganization. If the Court confirms the Plan, a creditor whose claim against the Debtors is released pursuant to the terms of this Plan is bound by such terms, notwithstanding any objection to the Plan or vote to reject the Plan.

      E.      <u>Preservation of Bankruptcy Causes of Action.</u> Any and all causes of action which the Debtors may have, or which may arise under any of the provision of the Bankruptcy Code, or which may be enforceable under any of the provisions of the Bankruptcy Code or any other law or statute, shall be preserved and this Court shall

retain jurisdiction to dispose of such causes of action. All such causes of action shall belong to the Debtors as part of the assets retained pursuant to confirmation.

F. <u>Stay in Effect.</u> During the pendency of this Plan, and unless the Plan or the Bankruptcy Court otherwise expressly provides, all creditors will continue to be stayed from proceeding against the Debtors or its assets.

G. <u>Securities Exemption.</u> Any satisfaction provided to any creditor or other party in interest pursuant to this Plan, which might be deemed a security, is exempt from registration under federal and state securities laws pursuant to Section 1145 of the Bankruptcy Code. Absent registration or another exemption from the requirements of registration pursuant to the securities laws, the subsequent transfer of any such securities is not so exempt.

VI. <u>JURISDICTION</u>

Notwithstanding confirmation of this Plan, the United States Bankruptcy Court for the District of Arizona shall retain jurisdiction for the following purposes:

A. To adjudicate any and all objections to the allowance of claims to the extent permitted by law and amendments to schedules;

B. To adjudicate any and all disputes arising under the Plan;

C. To adjudicate any and all applications for allowance of compensation and reimbursement of expenses arising herein;



D. To adjudicate any and all pending applications for acceptance or rejection of executory contracts and unexpired leases, and to adjudicate the allowance of any claims resulting from the rejection thereof;

E. To adjudicate any and all applications, adversary proceeding and contesting and litigated matters pending in the case as of the Confirmation Date;

F. To administer and enforce the provisions of this Plan;

G. To modify any provision of the Plan to the full extent permitted by the Bankruptcy Code;

H. To correct any defect, cure any omission or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purpose and intent of the Plan;

I. To adjudicate such other matter as may be provided for in the Confirmation Order or as may from time to time be authorized under the provisions of the Bankruptcy Code or any other applicable law;

J. To enforce all orders, judgments, injunctions and rulings entered in connection with the case; and

K. To enter such orders as may be necessary or appropriate in aid of confirmation and to facilitate implementation of the Plan.

VII  MODIFICATION OF PLAN

The Debtors retain the right to modify the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code. Every modification of the Plan will supersede the

previous version of Plan, when such modification becomes effective. When superseded, the previous versions of the Plan are null and void and without effect for any purpose whatsoever, by the Debtors or any other party.

A. <u>Pre-Confirmation.</u> In accordance with Section 1127(a) of the Bankruptcy Code, modifications of this Plan may be proposed in writing by the Debtors at any time before confirmation, provided that the Plan, as modified, meets the requirements set forth in Sections 1122 and 1123 of the Bankruptcy Code and the Debtors comply with Section 1125 of the Bankruptcy Code. Upon application by the Debtor, no notice or hearing will be required, nor amendment to the Disclosure Statement, provided the Court finds that such modification does not materially or adversely affect any creditor or class of creditors or other parties in interest.

B. <u>Post-Confirmation.</u> In accordance with Section 1127(b) of the Bankruptcy Code, the Plan may be modified by the Debtors at any time after its confirmation and before its substantial consummation, provided that (i) the Plan, as modified, meets the requirements set forth in Sections 1122 and 1123 of the Bankruptcy Code, (ii) the circumstances then existing justify such modification, and (iii) the Bankruptcy Court confirms the Plan, as modified, pursuant to Section 1129 of the Bankruptcy Code.

VIII. <u>MISCELLANEOUS</u>

A. <u>Time Constraints.</u> Whenever any act required to be performed pursuant to this Plan falls on a weekend, national holiday, or state holiday, that act shall instead be performed without penalty on the following business day.



B.  <u>Headings.</u> The headings used in the Plan are for convenience only, and neither constitute a portion of the Plan nor affect the construction of the Plan.

C.  <u>Severability.</u> Should any provision in the Plan be determined to be unenforceable following the Effective Date, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of the Plan.

D.  <u>Governing Law.</u> Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with the laws of the State of Arizona.

E.  <u>Successors and Assigns.</u> The rights, duties and obligations of any party named or referred to in this Plan shall be binding upon, and shall inure to the benefit of that party's successors and assigns.

Dated this <u>11th</u> day of September, 2009

McGuire Gardner P.L.L.C.

By: <u>/s/ Pernell W. McGuire</u>
    Pernell W. McGuire
    Attorneys for Debtors