1  GERARD R. O'MEARA, ESQUIRE
   Bar No. 002434
2  MATTHEW A. GOLDSTEIN, ESQUIRE
   Bar No. 022171
3  Gust Rosenfeld, PLC
   One South Church Avenue, Suite 1900
4  Tucson, Arizona 85701-1627
   (520) 628-7070
5  *gromeara@gustlaw.com*
   *mgoldstein@gustlaw.com*
6

7  *Attorneys for Defendants/Claimants Apache Pointe 30 Lender, LLC, Rio Corte Lender, LLC,*
   *and Sierra Vista 41 Lender, LLC, and Skalak Administration, LLC*
8

9              **IN THE UNITED STATES BANKRUPTCY COURT**

10                **FOR THE DISTRICT OF ARIZONA**

11 | IN RE:
12 | CHARLES CROWELL AND CHRISTA      |  Case No.  4:09-bk-07333-JMM
     CROWELL
13 |                                  |  (Chapter 11)
              Debtors.
14 |                                  |
   | ──────────────────────────────  | Adv. No. 4:09-ap-00823
15 | APACHE POINTE 30 LENDER, LLC, an
     Arizona limited liability company; RIO CORTE
16 | LENDER, LLC, an Arizona limited liability
     company; and SIERRA VISTA 41 LENDER,
17 | LLC, an Arizona limited liability company.
18 |
              Plaintiffs,
19 | vs.
20 | CHARLES CROWELL and CHRISTA
     CROWELL, husband and wife.
21 |
22 |        Defendants/Debtors.
   |
23

24       **VERIFIED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

25     <u>**UNDER 11 U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(6), (a)(19)(A)(i), and (a)(19)(A)(ii)**</u>

26

For their complaint against Defendants Charles Crowell and Christa Crowell (collectively, "Debtors"), Apache Pointe 30 Lender, LLC, Rio Corte Lender, LLC, and Sierra Vista 41 Lender, LLC (collectively, the "Plaintiffs"), allege as follows:

1.   This adversary proceeding is brought in connection with Debtors' case under Chapter 11 of Title 11, Case Number 4:09-bk-07333-JMM, now pending in this Court.

2.   The Plaintiffs are claimants/creditors of Debtors in the above-captioned bankruptcy case and have filed proofs of claim in Debtors' Chapter 11 case for damages arising from Debtors' breach of contract for failure to pay on personal guarantees, for Debtors' fraud, and for Debtors' commission of securities fraud.

3.   This Bankruptcy Court has jurisdiction over this adversary proceeding under the grant of jurisdiction to the United States District Court for the District of Arizona under the provisions of 11 U.S.C. § 523 and 28 U.S.C. § 1334(b), the automatic referral provisions of 28 U.S.C. § 157(a), and the District Court's standing order of reference.

4.   This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(I), and thus the Bankruptcy Court may enter dispositive orders and judgments herein.

5.   Venue is proper in the District of Arizona under 28 U.S.C. § 1409(a) because Debtors' bankruptcy case and the related adversary proceeding under Case No. 4:09-ap-00743 are pending within this district.

## GENERAL BACKGROUND FACTS

6.   The Plaintiffs are Arizona limited liability companies that at all pertinent times were doing business in Cochise County, Arizona.

7.   Debtors are husband and wife and residents of Cochise County, Arizona.

8.   At all times relevant herein, Debtor Charles Crowell was acting for and on behalf of himself, individually, and on behalf of his marital community.

9.   Green Light Incorporated, d/b/a GreenLight Inc. ("Green Light"), is an Arizona corporation that is wholly owned by Debtors and at all pertinent times was doing business in

Cochise County, Arizona.

10. Green Light was formed and/or was employed by Debtors for a fraudulent purpose.

11. Beginning in 2006, Debtors approached an Arizona company named Schaub Financial to raise funds from investors to fund the development of real properties known as Rio Corte, Apache Pointe, and Ramsey Reserve, located in Cochise County, Arizona.

12. Thereafter, the Plaintiffs were created by Schaub Financial as separate vehicles to receive monies from investors to provide capitol for loans to Debtors in the development of the above real properties.

13. Debtors formed three entities that borrowed funds from the Plaintiffs. Debtors' entities were named Rio Corte, LLC, Apache Pointe LLC, and Ramsey Reserve, LLC (the "Borrowing Entities").

14. The Borrowing Entities were formed and/or were employed by Debtors for a fraudulent purpose.

15. The Borrowing Entities were wholly owned by the Debtors.

16. Working with the Debtors, Schaub Financial sold interests in the Plaintiffs to investors, who then became members of a respective plaintiff entity based on their pro rate share of interest in the entity.

17. The Borrowing Entities each entered into loan agreements with the Plaintiffs as facilitated by Schaub Financial.

18. Specifically, Apache Pointe entered into a loan agreement with Plaintiff Apache Pointe Lender on May 10, 2007 for $3,078,000.00; Rio Corte entered into a loan agreement with Plaintiff Rio Corte Lender on December 21, 2006, for $1,173,000.00; and Ramsey Reserve entered into a loan agreement with Plaintiff Sierra Vista Lender on October 15, 2007 for $4,625,000.00.

- 3 -

19.     Each loan agreement was secured by a deed of trust in favor of each plaintiff, with the real property of each Borrowing Entity being encumbered for that borrowing entity's separate loan debt.

20.     Debtors personally guaranteed to Plaintiffs the loans made to the Borrowing Entities.

21.     Each loan included a multiple-advance note that provided each borrowing entity with enough money to fund the purchase of land and/or to pay off existing liens or other obligations related to the property and to develop the property.  The notes described how funds would be provided in an escrow account to cover the costs of development of the corresponding borrowing entity's property in installments.

22.     When a borrowing entity wanted to draw money from an escrow account, the entity would submit a written draw request to the managing member of the respective plaintiff lending entity for approval and disbursement.

23.     At the time of the Borrowing Entities' draw requests, the managing member of all three Plaintiff entities was an Arizona company named Administrative Member.

24.     Debtor Charles Crowell and Debtors' company Green Light were the developers and agents for each of the Borrowing Entities.

## DEBTORS' FRAUDS AND FALSE REPRESENTATIONS

25.     Some, many, most, or all of the draw requests from the Borrowing Entities were submitted by, with the assistance of, or otherwise made through or by Debtors and/or Green Light.

26.     The loan agreements, multiple-advance notes, and deeds of trust (collectively, the "Loan Documents") contained detailed rules concerning what the Borrowing Entities were required to submit in order to receive escrowed funds.

27.     The Debtors, Borrowing Entities and/or Green Light, by themselves and/or by and through the actions of Debtors, engaged in a fraudulent scheme wherein they concealed

- 4 -

relevant facts from members of the Plaintiffs, the escrow agent, Schaub Financial, and/or Administrative Member, misrepresented relevant facts to members of the Plaintiffs, escrow agent, Schaub Financial, and/or Administrative Member, and submitted false information through the submission of draw requests:

    a.  for the escrow funds of one project to pay for work performed on another project;

    b.  containing the same invoice to multiple projects to receive multiple payments for the same expense;

    c.  asking for duplicate reimbursement from the escrow funds of a project for a single invoice and/or proposal;

    d.  for work that had not been completed, while representing that such work was complete;

    e.  for work that had not commenced, while representing that such work had commenced or had been completed;

    f.  that obtained reimbursement for services provided by others without delivering the draw proceeds to the persons or entities that supplied the services; and

    g.  for completely fictitious work, using fictitious invoices.

    28.    The ownership interests purchased by members of the Plaintiff entities constitute securities pursuant to A.R.S. § 44-1801 et seq.

    29.    No member of the Plaintiff Lending Entities was advised of the past, ongoing, and/or future misrepresentations, deceit, thefts, and other fraudulent acts described above at the time Schaub Financial offered to sell and/or the time investors purchased their respective interests in the Plaintiffs.

Case 4:09-bk-07333-JMM   Doc 125-2   Filed 09/11/09   Entered 09/11/09 13:51:55
Desc Exhibit B   Page 5 of 37

30.   Written disclosures were provided by Schaub Financial to the Plaintiffs' respective members when the members were potential investors for each entity, the contents of which were acknowledged and signed by Debtors on behalf of the Borrowing Entities.  These documents contained various misrepresentations.

31.   Among other things, the disclosures did not disclose that investor funds held in escrow for one project would be used to pay for work performed on another project; nor did they disclose any of the other frauds listed above.  Moreover, the disclosures contained affirmative misrepresentations.

32.   Fraudulent draw requests submitted by Debtors individually, and by and through and with the Borrowing Entities and Green Light, include, but are not limited to, requests based on a false proposal for trenching that Debtors represented was from a company named "Bradley Drilling" (sic).  Bradly Drilling did not prepare the proposal; never performed the work describe in the proposal; and was never paid for the work reflected in the proposal. *See* Affidavit from B. Oliver of Bradly Drilling at **Exhibit 1**.

33.   Fraudulent draw requests submitted by Debtors individually, and by and through and with the Borrowing Entities and Green Light, also include, but are not limited to, requests based on false invoices for work that Debtors represented was performed by a company named Donovan Grading & Excavation.  Donovan Grading & Excavation did not prepare the invoices; never performed the work described in the invoices; and was never paid for the work reflected in the invoices. *See* Affidavit from D. Houck of Donovan Grading & Excavation at **Exhibit 2**.

34.   Fraudulent draw requests submitted by Debtors individually, and by and through and with the Borrowing Entities and Green Light, also include, but are not limited to, requests based on a false estimate and false invoices for work that Debtors represented was performed by David Hoggatt.  Mr. Hoggatt did not prepare the estimate nor did he prepare the invoices; and Mr. Hoggatt's name was forged on a lien release for $100,500.00 that was presented by the Debtors. *See* Affidavit from D. Hoggatt at **Exhibit 3**.

35. The Plaintiffs are still uncovering the extent of fraud perpetrated by Debtors, the Borrowing Entities, and Green Light.

36. Debtors used the Borrowing Entities and Green Light to perpetrate the above frauds.

37. Upon information and belief, many of the funds stolen by the Debtors, the Borrowing Entities, and Green Light were converted for Debtors' personal use.

38. Upon information and belief, some of the funds stolen by the Debtors were laundered through a company named "One Star LLC," another company that is owned by Debtors.

39. At his 341 examination in this matter, Debtor Charles Crowell testified under oath that he has used One Star as a personal bank to pay for personal expenses, such as rent for Debtors' personal residence.

40. Debtors filed a Related Entity Report with the Bankruptcy Court. Among other things, the Report shows that there were fund transfers between the Borrowing Entities and Green Light and One Star.

41. One Star was not a party to the Loan Agreements and it was not involved in the development of the project properties.

42. One Star is a d/b/a or entity of Debtors that was formed and/or was employed by Debtors for a fraudulent purpose.

43. Administrative Member resigned as managing member of the Plaintiffs on March 31, 2008 and the members of the Plaintiffs voted Skalak Administration to act as managing member.

44. Skalak Administration is an entirely separate legal entity from Schaub Financial and Administrative Member, and there is no common ownership or employees shared between the entities.

45.   Upon assumption of its duties of managing member, a series of communications and meetings occurred between Skalak Administration and Debtor Charles Crowell.  In these communications, Debtor Charles Crowell sought additional funding from members of the Plaintiffs.

46.   At the request of Debtor Charles Crowell, meetings of the members of the Plaintiffs were held in Phoenix, Arizona.

47.   At one or several of the meetings, Debtor Charles Crowell misrepresented the scope of work completed on the projects and requested that the Plaintiffs' members provide additional funds that he said were necessary to cover unexpected expenses.

48.   At one or several of the meetings, Debtor Charles Crowell also misrepresented the amount of additional funds needed to finish the projects.

49.   The Borrowing Entities defaulted under the Loan Agreements for, among other things, failure to make progress on and/or complete construction of the projects in accordance with the terms of the Loan Documents and through their anticipatory repudiations of the Loan Documents.

### DEBTORS' TRANSFER OF ASSETS AND CONCEALMENT

50.   On Schedule B to their Financial Schedules filed in the Bankruptcy case, Debtors lists their percentage ownership interests in the Borrowing Entities as "unknown."

51.   The later filed Related Entity Report filed by Debtors with the Bankruptcy Court shows that Debtors transferred 51 percent of their ownership interests in the Borrowing Entities to a company named Eagle Pass LLC in December 2008.  The Report notes the reason for the transfer as "Litigation Agreement."

52.   The purpose of the transfer of Debtors' 51 percent interest in the Borrowing Entities to Eagle Pass was to enable Debtors to pay attorneys to pursue a lawsuit against the Plaintiffs following Debtors' filing of bankruptcy

- 8 -

53.     At his 341 examination in this matter, Debtor Charles Crowell testified under oath that the transfer of Debtors' 51 percent interest in the Borrowing Entities to Eagle Pass was performed to pay attorneys to pursue a lawsuit against the Plaintiff Lending Entities.

54.     Specifically, Debtor Charles Crowell described the arrangement with Eagle Pass as a "Legal Representation Partnership." He further testified that there is a document that memorialized the arrangement with Eagle Pass.

55.     Despite Plaintiffs' repeated requests, Debtors' have failed to produce copies of any documents relating to Debtors' transfer of 51 percent of their ownership interests in the Borrowing Entities to Eagle Pass.

56.     Pursuant to 18 U.S.C. § 152, subsection 7, a person who, in a personal capacity or as an agent or officer of any person or corporation, in contemplation of a case under title 11 by or against the person or any other person or corporation, or with intent to defeat the provisions of title 11, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation; shall be fined under this title, imprisoned not more than 5 years, or both.

57.     Pursuant to 18 U.S.C. § 154, whoever, being a party in interest, whether as a debtor, creditor, receiver, trustee or representative of any of them, or attorney for any such party in interest, in any receivership or case under title 11 in any United States court or under its supervision, knowingly and fraudulently enters into any agreement, express or implied, with another such party in interest or attorney for another such party in interest, for the purpose of fixing the fees or other compensation to be paid to any party in interest or to any attorney for any party in interest for services rendered in connection therewith, from the assets of the estate, shall be fined under this title or imprisoned not more than one year, or both.

## PLAINTIFFS' DAMAGES

58.     On or about December 4, 2009, during the same month Debtors' transferred 51 percent of their interest in the Borrowing Entities to Eagle Pass, the Borrowing Entities filed a

lawsuit in the Cochise County, Arizona Superior Court under cause no. CV200801146 seeking to enjoin foreclosures on the project properties used to secure respective loan amounts; and alleging various claims to include claims for breach of contract, breach of the covenant of good faith, fraudulent inducement, and fraud, and for breach of contract against the Plaintiffs.

59.     Debtors' were unsuccessful in their attempt to enjoin foreclosures on the properties used to secure respective loan amounts and, in or around December 2008, the Plaintiffs foreclosed on the properties, incurring substantial damages as a result of same.

60.     At the time of foreclosure on the Ramsey Reserve project, approximately $4,084,618.01 of the $4,625,000.00 loan had been funded by Sierra Vista 41 Lender.  As a result of the foreclosure, Sierra Vista 41 Lender suffered a deficiency balance of approximately $3,597,989.19.

61.     At the time of foreclosure on the Rio Corte project, approximately $1,103,190.18 of the $1,173,000.00 loan had been funded by Rio Corte Lender.  As a result of the foreclosure, Rio Corte lender suffered a deficiency balance of approximately $899,963.45.

62.     At the time of foreclosure on the Apache Pointe project, approximately $1,679,405.00 of the $3,078,000.00 loan had been funded by Apache Pointe 30 Lender.  As a result of the foreclosure, Apache Pointe 30 Lender suffered a deficiency balance of approximately $1,190,310.81

63.     At the time of foreclosures, the Plaintiff Lending Entities had funded over approximately $6,500,000.00 of $8,876,000.00 (i.e., over 70 percent) of the loans.

64.     Despite the millions of dollars funded under the loans, very little work was completed on the project properties by the Debtors and/or Debtors' companies.

65.     The work that was performed on the projects was grossly disproportionate to the large amount of funds drawn from the escrow by Debtors and/or Debtors' companies.

66.     On April 14, 2009, Debtors filed in the United States Bankruptcy Court for the District of Arizona a Petition for Relief under Chapter 11 of Title 11 of the United States Code.

# CLAIMS FOR RELIEF UNDER

## 11 U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(6), (a)(19)(A)(i), and (a)(19)(A)(ii)

## COUNT I

## COMMON LAW FRAUD

67.     Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

68.     Debtors, the Borrowing Entities, and/or Green Light made and/or assisted in the making of various representations in draw requests.

69.     Many of these representations were false.

70.     The false representations were material to decisions on whether to pay out on draw requests.

71.     Debtors knew the representations were false at the time they were made.

72.     The false representations were made or assisted by Debtors with the intent that the escrow agent, Administrative Member, and/or the Plaintiffs would rely upon such representations in deciding whether to pay out on draw requests.

73.     The escrow agent, Administrative Member, and/or the Plaintiffs did not know the representations were false at the time related draw requests were paid out.

74.     The escrow agent, Administrative Member, and/or the Plaintiffs relied on the false representations in deciding whether to pay out on the draw requests.

75.     The escrow agent's, Administrative Member's, and/or the Plaintiffs' reliance on the representations were reasonable and justified under the circumstances.

76.     The Plaintiffs were damaged as a result of their reliance on the representations and/or by the reliance by the escrow agent and Administrative Member.

77.     The Plaintiffs were damaged as a result of reliance on the representations by the escrow agent and Administrative Member.

- 11 -

78.     The Plaintiffs are entitled to punitive damages for the fraudulent acts committed by the Debtors.

79.     Because the Borrowing Entities and/or Green Light and/or One Star were created and/or employed by Debtors to perpetrate and/or to assist in perpetrating the fraud above, Debtors are personally liable for Plaintiffs' damages.

## COUNT II

## ARIZONA RICO

80.     Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

81.     Debtors have engaged in a pattern of unlawful activity for the purpose of financial gain as defined in A.R.S. § 13-2310 et seq.

82.     Such pattern of unlawful activity included multiple Thefts and a Scheme or Artifice to Defraud, and Securities Fraud as defined in A.R.S. §§ 13-1802, 13-2301, 13-2314.04, and 44-1991.

83.     The Debtors' pattern of unlawful activity damaged Plaintiffs.

84.     Plaintiffs' damages were a reasonably foreseeable result of the unlawful activity of Debtors.

85.     Plaintiffs are entitled to treble damages for the unlawful acts committed by Debtors.

86.     Pursuant to A.R.S. § 13-2314.04(A), Plaintiffs are entitled to an award of attorneys fees incurred in this action as a result of the unlawful acts committed by Debtors.

87.     Because the Borrowing Entities and/or Green Light and/or One Star were created and/or employed by Debtors to perpetrate and/or to assist in perpetrating the pattern of unlawful activity above, the entities are disregarded and Debtors are personally liable for Plaintiffs' damages.

**COUNT III**

**FALSE REPRESENTATIONS**

88. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

89. Debtors made and/or assisted in the making of false representations of material facts to the escrow agent, Administrative Member, and/or Plaintiffs.

90. Debtors' making or assistance in the making of false representations of material fact were false and were made intentionally.

91. Debtors intended that the escrow agent, Administrative Member, and/or Plaintiffs rely on the false representations.

92. The escrow agent, Administrative Member, and/or Plaintiffs reasonably and justifiably relied upon the false representations to their detriment.

93. As a result of the justified reliance, the Plaintiffs have been foreseeably and proximately damaged by the false representations.

94. Because the Borrowing Entities and/or Green Light and/or One Star were created and/or employed by Debtors to make and/or assist in the making of the false representations above, the entities are disregarded and Debtors are personally liable for Plaintiffs' damages.

**COUNT IV**

**SECURITIES FRAUD**

95. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

96. Debtors committed common law fraud, deceit, and/or manipulation in connection with the purchase or sale of a security.

97. In connection with transactions involving an offer to sell or buy securities, or a sale or purchase of securities, Debtors employed a device, scheme or artifice to defraud; made

- 13 -

untrue statements of material fact, and/or omitted to state any material fact necessary in order to make statements made, in the light of the circumstances under which they were made, not misleading; and/or engaged in a transaction, practice or course of business which operated as a fraud or deceit. These acts constitute a violation of State of Arizona securities laws. Plaintiffs were damaged by these acts.

98. Alternatively, Debtors aided and abetted the Borrowing Entities, Green Light, Schaub Financial and/or Administrative Member in employing a device, scheme or artifice to defraud; the making of an untrue statements of material fact, and/or the omission of any material fact necessary in order to make statements made, in the light of the circumstances under which they were made, not misleading; and/or in engaging in a transaction, practice or course of business which operated as a fraud or deceit in connection with transactions involving an offer to sell or buy securities, or a sale or purchase of securities. These acts constitute a violation of State of Arizona securities laws. Plaintiffs were damaged by these acts.

99. Because the Borrowing Entities and/or Green Light and/or One Star were created and/or employed by Debtors to perpetrate and/or assist in perpetrating the securities fraud above, the entities are disregarded and Debtors are personally liable for Plaintiffs' damages.

**WHEREFORE**, for relief on the Counts stated above, Plaintiffs pray that the Court enter judgment in favor of Plaintiffs against Debtors on the allegations and above as follows:

A. That the debts are an exception to discharge under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(6), (a)(19)(A)(i), and/or (a)(19)(A)(ii);

B. That Plaintiffs be awarded compensatory damages;

C. That Plaintiffs be awarded treble damages;

D. That Plaintiffs be awarded punitive damages;

E. That Plaintiffs be awarded their attorneys fees and costs;

F. That Plaintiffs be awarded their incidental and consequential damages; and

- 14 -

G. That Plaintiffs be awarded such other and further relief as the Court deems just and proper.

DATED this 23rd day of July 2009.

GUST ROSENFELD, PLC

By   /s/ Gerard R. O'Meara
GERARD R. O'MEARA
MATTHEW A. GOLDSTEIN
*Attorneys for Sierra Vista 41 Lender LLC,*
*Apache Pointe 30 Lender LLC, and Rio*
*Corte Lender LLC*

Original of the foregoing electronically filed
this 23rd day of July 2009, with:

Clerk, United States Bankruptcy Court
38 South Scott Avenue
Tucson, AZ 85701
https://ecf.azb.uscourts.gov

Copy mailed this 17th day of July 2009 to:

Pernell W. McGuire, Esq.
320 North Leroux Street
Suite A
Flagstaff, Arizona 86001
*Counsel for Debtors*

U.S. Trustee
Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, Arizona

Eric McNeilus
HUERLIN SHERLOCK PANAHI
1636 North Swan Road, Suite 200
Tucson, Arizona 85712-4096
*Attorneys for Plaintiffs*

s/Lois A. Hall
314631

# VERIFICATION

STATE OF ARIZONA          )
                          ) ss.
COUNTY OF ~~PIMA~~ *Maricopa*          )

     Bill Skalak. being first duly sworn upon his oath deposes and states that he is the duly authorized representative of the Plaintiffs in this action; and that in such capacities, he certifies that he has carefully read the Verified Complaint to Determine Non-Dischargeability and, based on a reasonable inquiry, believes all of the following to be true:

1.    The Verified Complaint to Determine Non-Dischargeability is well grounded in fact.

2.    The Verified Complaint to Determine Non-Dischargeability is warranted by existing law or there is a good faith argument for the extension, modification or reversal of existing law.

3.    The Verified Complaint to Determine Non-Dischargeability is not made for any bad faith, vexatious, wanton, improper or oppressive reason, including to harass, to cause unnecessary delay, to impose a needless increase in the cost of litigation or to force an unjust settlement through the serious character of the averment.


                                          _____
                                          Bill Skalak

Subscribed and sworn to before me this _17th_ day of _July_, 2009 by Bill Skalak.

                                          _____
                                          Notary Public
                                          My commission expires: _Jan 11, 2013_

DAWN I DRAKE
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
January 11, 2013

# EXHIBIT "1"

# AFFIDAVIT OF BRADLY JAY OLIVER

STATE OF ARIZONA      )
                         ) ss:
COUNTY OF COCHISE   )

BRADLY JAY OLIVER, duly sworn upon his oath, deposes and states as follows:

1.     I am the principal of Bradly Drilling. I am also the duly authorized custodian of the records attached herewith, and I have the authority to certify the records.

2.     The only work performed by Bradly Drilling at the request of Charles Crowell and/or Mr. Crowell's companies was the following:

      a. Bradly Drilling changed a pump at the home occupied by David Hoggatt on the property at Rio Corte. This work is reflected in the invoices attached to this Affidavit as Exhibit A.

      b. Bradly Drilling spent approximately eight hours on the Ramsey Reserve property to run some well tests.

3.     I reviewed the proposal for $175,000.00 of work attached as Exhibit B. This document ~~was prepared~~ was not prepared by me or anyone at Bradly Drilling.

_Bradly Jay Oliver_
Bradly Jay Oliver

SUBSCRIBED AND SWORN to before me this 9th day of ~~May~~ June, 2009 by BRADLY JAY OLIVER.

_Andrea K. Dunlap_
Notary Public

Commission Expires: Jan 29. 2012

OFFICIAL SEAL
**ANDREA K. DUNLAP**
NOTARY PUBLIC - State of Arizona
COCHISE COUNTY
My Comm. Expires Jan. 29, 2012

# Exhibit A

# *Bradly Drilling Inc.*

License:DWR#736
License:ROC#C-53/A-04
PO Box 4707
Huachuca City, AZ 85616

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 7/23/2007 | 235481 |

| BILL TO |
|---------|
| Rio Corte, LLC<br>4401 Redwood St<br>SV , AZ 85650 |

| P.O. NO. | TERMS |
|----------|-------|
|  | Due on receipt |

| QUANTITY | DESCRIPTION | RATE | AMOUNT |
|----------|-------------|------|--------|
| 1 | Pumps & Tanks<br>Sales Tax | 2,854.51<br>113.18 | 2,854.51<br>113.18 |

| | **Total** | $2,967.69 |
|---|---|---|

| Phone # |
|---------|
| 520-456-2355 |



# EXHIBIT "C"
## Invoice

**BRADLY DRILLING, INC.**
562 E HIGHWAY 82, PO BOX 4707
HUACHUCA CITY, AZ 85616
(520) 456-2355



| DATE | INVOICE # |
|------|-----------|
| 1-23-07 | 710013 |

**BILL TO**

Apache Pointe , LLC

PO Box 336

Hereford AZ 85615

Pump Set @ 180'
Water Static @ 96'

| P.O. NUMBER | TERMS | PROJECT |
|-------------|-------|---------|
| | | Pump Installation |

| QUANTITY | DESCRIPTION | RATE | AMOUNT |
|----------|-------------|------|--------|
| 1 | 16512 HP Pump motor | | $ 922.00 |
| 1 | 1 HP Control box | | $ 80.15 |
| 180 | 1¼ sch 80 Pipe | $1.65 | $ 296.00 |
| 180 | #10 cable | $2.00 | $ 384.00 |
| 8 | 1¼ Brass couplings | $14.00 | $ 112.00 |
| 1 | 1¼ Brass cc valve | | $ 45.00 |
| 2 | 1¼ x 12" Galv Nipple | $14.00 | $ 28.00 |
| 2 | 1¼ x 6" Galv Nipple | $8.00 | $ 16.00 |
| 1 | 1¼ Galv union | | $ 12.00 |
| 1 | Tank kit | | $ 12.00 |
| 1 | 85gal Pres Tank | | $ 620.00 |
| 1 | 2x2 Tank Pad | | $ 24.00 |
| 1 | Galv Tee | | $ 7.00 |
| 1 | 6" x 1¼ well seal | | $ 38.00 |
| 1 | Misc pvc | | $ 20.00 |
| 1 | Misc elec | | $ 15.00 |
| 1 | labor | | $ 225.00 |
| | | Total | $ 2854.51 |
| | tax | | $ + 113.8 |
| | | | $ 2961.69 |

## TOTAL

# Exhibit B

# Invoice

Bradley Drilling

PO Box 4707
Huachuca City, AZ 85616

| Date | Invoice # |
|------|-----------|
| 12/12/2006 | 961210-26 |

| Bill To |
|---------|
| Ramsey Reserve, LLC |
| 4401 Redwood Street |
| Sierra Vista, AZ 85650 |

| Description | Amount |
|-------------|--------|
| Dig trench from Highway 92 and Ramsey Canyon Road approximately 1200 LF to Richards Road. Dig trench from Ramsey Canyon Road and Richards Road up to Ramsey Reserve Estates approximately 800 LF. Trench to be 6' deep along utility easement on south side of road. Water pipe will be as specified by Bella Vista Water Company (12" standard). Includes dust control and highway safety measures per AZDOT. | 55,000.00 |
| Work with hydrologist in tandem with Bella Vista Water Company in the engineering of water line placement and well tank placement. Includes 12" waterline approximately 2000 LF and materials needed per engineered plans by Bella Vista Water Company. | 80,000.00 |
| Some trenching will require trenching through and cutting of existing pavement on Ramsey Canyon Road. Replace disturbed chip seal road and backfill along Ramsey Canyon Road approximately 1200 LF per specs. | 40,000.00 |
| Once signed, this estimate will be a legal and binding document as accepted by Green Light Inc and Bradley Drilling and will act as a contract of service. All payments are due in one lump sum. Any additional expenses incurred will be billed separately as additional services rendered and as a change order or purchase order signed by Green Light Inc and Bradley Drilling. | |
| By signing below, Green Light Inc. accepts the above conditions and scope of work to be completed by Bradley Drilling. Once signed estimate and payment have been received, a preconstruction meeting will be scheduled to determine timeline of construction. | |

12·18·06

Green Light, Inc.    Date

| Total | $175,000.00 |
|-------|-------------|

LENDERS00666

# EXHIBIT "2"

# AFFIDAVIT OF DONOVAN MICHAEL HOUCK

STATE OF ARIZONA      )
                           ) ss:
COUNTY OF COCHISE    )

DONOVAN MICHAEL HOUCK, duly sworn upon his oath, deposes and states as follows:

1.     I am the principal and authorized custodian of records for Donovan Grading & Excavation and am authorized to make this affidavit on behalf of this business.

2.     I have reviewed the following invoices attached to this Affidavit:

    a.  Invoice # 1012 for the amount $6,250.00;

    b.  Invoice #1013 for the amount $3,000.00;

    c.  Invoice #1014 for the amount $7,000.00;

    d.  Invoice # 1015 for the amount $11,005.29; and

    e.  Invoice # 1016 for the amount $739.00.

3.     The attached invoices were not prepared by me or any other representative of Donovan Grading & Excavation and the amounts reflected in the invoices were never paid to me or Donovan Grading & Excavation.

FURTHER AFFIANT SAYETH NOT

_____
Donovan Michael Houck

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2009 by DONOVAN MICHAEL HOUCK.

_____
Notary Public

Commission Expires: 01/29/2010

> OFFICIAL SEAL
> CINDY A. AGCOLICOL
> NOTARY PUBLIC · ARIZONA
> COCHISE COUNTY
> My Commission Expires January 29, 2010



Steel On Target LLC

P.O. BOX 489
Hereford, AZ 85615
DBA:DONOVAN EXCAVATION & GRADING
LIC #ROC-235220 K-02

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/6/2008 | 1012 |

**Bill To**

Apache Pointe
P.O. BOX 336
HEREFORD AZ 85615

| P.O. No. | Terms | Project | DBA: Donovan Excavati... |
|----------|-------|---------|--------------------------|
|          |       |         |                          |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
|  | Clearing & Grubbing of S. Richard's Road | 6,250.00 | 6,250.00 |
|  | Out-of-state sale, exempt from sales tax | 0.00% | 0.00 |

| | Total | $6,250.00 |
|-|-------|-----------|

**Phone #**

520-266-1736

LENDERS00081



Steel On Target LLC
P.O. BOX 489
Hereford, AZ 85615
DBA:DONOVAN EXCAVATION & GRADING
LIC #ROC-235220 K-02

# Invoice

| Date | Invoice # |
|---|---|
| 3/6/2008 | 1013 |

**Bill To**

Apache Pointe
P.O. BOX 336
HEREFORD AZ 85615

| P.O. No. | Terms | Project | DBA: Donovan Excavati... |
|---|---|---|---|
| | | | |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| | SWPPP materials & Installation | 3,000.00 | 3,000.00T |
| | Out-of-state sale, exempt from sales tax | 0.00% | 0.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | Total | $3,000.00 |

**Phone #**

520-266-1736

LENDERS00082



Steel On Target LLC

P.O. BOX 489
Hereford, AZ 85615
DBA:DONOVAN EXCAVATION & GRADING
LIC #ROC-235220 K-02

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/1/2008 | 1014 |

**Bill To**

Ramsey Reserve
P.O. BOX 336
HEREFORD, AZ 85615

| P.O. No. | Terms | Project | DBA: Donovan Excavati... |
|----------|-------|---------|--------------------------|
|          |       |         |                          |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
|  | Final Lot Pinning of Ramsey Reserve Estates Subdivision<br>Out-of-state sale, exempt from sales tax | 7,000.00<br>0.00% | 7,000.00T<br>0.00 |

| | **Total** | $7,000.00 |
|---|---|---|

| Phone # |
|---------|
| 520-266-1736 |

LENDERS00481



**Steel On Target LLC**

P.O. BOX 489
Hereford, AZ 85615
DBA:DONOVAN EXCAVATION & GRADING
LIC #ROC-235220 K-02

# Invoice

| Date | Invoice # |
|---|---|
| 3/1/2008 | 1015 |

| Bill To |
|---|
| Ramsey Reserve<br>P.O. BOX 336<br>HEREFORD, AZ 85615 |

| P.O. No. | Terms | Project | DBA: Donovan Excavati... |
|---|---|---|---|
| | | | |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 3,218.00 | 2" fiber line conduit @ | 1.36 | 4,376.48T |
| 4,000.00 | spool of loose tube optical cable | 0.9531 | 3,812.40T |
| | Housing node for fiber input | 2,816.41 | 2,816.41T |
| | Out-of-state sale, exempt from sales tax | 0.00% | 0.00 |

| | **Total** | $11,005.29 |
|---|---|---|

| Phone # |
|---|
| 520-266-1736 |

LENDERS00480



Steel On Target LLC

P.O. BOX 489
Hereford, AZ 85615
DBA:DONOVAN EXCAVATION & GRADING
LIC #ROC-235220 K-02

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/14/2008 | 1016 |

**Bill To**

Apache Pointe
P.O. BOX 336
HEREFORD AZ  85615

| P.O. No. | Terms | Project | DBA: Donovan Excavati... |
|----------|-------|---------|--------------------------|
|          |       |         |                          |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
|  | Mailbox concrete pad and installation | 739.00 | 739.00T |
|  | Out-of-state sale, exempt from sales tax | 0.00% | 0.00 |

| | **Total** | $739.00 |
|--|-----------|---------|

| Phone # |
|---------|
| 520-266-1736 |

LENDERS00090

# EXHIBIT "3"

## AFFIDAVIT OF DAVE HOGGATT

STATE OF ARIZONA        )
                                  ) ss:

COUNTY OF COCHISE     )

DAVE HOGGATT, duly sworn upon his oath, deposes and states as follows:

1.     The estimate bearing estimate number 22007-3, and invoices bearing invoice numbers 22007-3-1, 22007-3-6, and 42007-4-9 as attached to this affidavit, were neither prepared nor authorized by myself.

2.     There had been discussions with Charles Crowell in regards to doing the work reflected in the estimate and invoices, but only a limited amount of work was done by myself, including grading, cleanup of debris, tree trimming, and other maintenance on said properties. I was never paid for this work with any money.

3.     In addition, the signature on the bottom of the lien release, dated February 20, 2007, as further attached to this affidavit, is not my signature.

Dave Hoggatt

SUBSCRIBED AND SWORN to before me this _15_ day of ~~June~~ July, 2009 by DAVE HOGGATT.

Notary Public

Commission Expires: 01/29/2010

OFFICIAL SEAL
CINDY A. AGCOLICOL
NOTARY PUBLIC - ARIZONA
COCHISE COUNTY
My Commission Expires January 29, 2010

# Estimate

**Dave Hoggatt**
4938 E. Buffalo Soldier Trail
Sierra Vista, AZ 85650

| Date | Estimate # |
|------|-----------|
| 2/20/2007 | 22007-3 |

| Name / Address |
|----------------|
| Rio Corte, LLC<br>Misty Gentili<br>4401 Redwood Street<br>Sierra Vista, AZ 85650 |

| | | | Project |
|---|---|---|---|
| | | | |

| Description | Qty | Rate | Total |
|-------------|-----|------|-------|
| Clear land in accordance with Improvement Plans by ADP/Kirkham Michael Engineers. This includes onsite roads, well sites, septic sites, and pad areas. Includes clearing of areas within the conservation area designated by plans. Includes dump fees and burn permits. 66 acres. | | 65,500.00 | 65,500.00 |
| Grade onsite roads per Cochise County standards and Improvement Plans by ADP/Kirkham Michael Engineers. Trench joint utility trench per SSVEC approved engineered plans to include SSVEC, Cox Communications and QWest Telephone cables throughout subdivision and to lots. | | 83,500.00 | 83,500.00 |
| Grading of drainage ditches along onsite roads per Improvement Plans. Does not include installation of culverts. Includes dump fees. | | 52,000.00 | 52,000.00 |
| This Estimate is for the Rio Corte Estates subdivision located in Hereford, Cochise County, Arizona, consists of 22 lots and is considered to be a minor expedited subdivision with conservation guidelines per Cochise County Subdivision Regulations. | | | |
| Estimate includes heavy equipment, equipment operator and one foreman. | | | |
| AUTHORIZATION TO PROCEED<br>Please proceed with the work outlined above in accordance with this proposal. | | | |

By: _Misty Gentili_  Date: 2/26/07

_Director of Operations_

| | **Total** | | $201,000.00 |
|---|---|---|---|

LENDERS00274

# Invoice



Dave Hoggatt
4938 E. Buffalo Soldier Trail
Sierra Vista, AZ 85650

| Date | Invoice # |
|------|-----------|
| 2/20/2007 | 22007-3-1 |

**PAID**

| Bill To |
|---------|
| Rio Corte, LLC |
| Misty Gentili |
| 4401 Redwood Street |
| Sierra Vista, AZ 85650 |

| | P.O. No. | Terms | Project |
|---|---|---|---|
| | | | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| | Clear land in accordance with contract 22007-3. | 65,500.00 | 65,500.00 |
| | 50% Contract | -32,750.00 | -32,750.00 |
| | Grading and trenching in accordance with contract 22007-3.  50% | 83,500.00 | 83,500.00 |
| | 50% Contract | -41,750.00 | -41,750.00 |
| | Grading in accordance with contract 22007-3. | 52,000.00 | 52,000.00 |
| | 50% Contract | -26,000.00 | -26,000.00 |
| | **Total** | | $100,500.00 |

LENDERS00275



Dave Hoggatt
4938 E. Buffalo Soldier Trail
Sierra Vista, AZ 85650

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/16/2007 | 22007-3-6 |

**PAID**

**Bill To**

Rio Corte, LLC
Misty Gentili
4401 Redwood Street
Sierra Vista, AZ 85650

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
|  | Clearing and burning of green materials. | 30,000.00 | 30,000.00 |
|  | Demolition and removal of greenhouse on property. | -15,000.00 | -15,000.00 |
|  |  | 45,000.00 | 45,000.00 |
|  | Includes large dump truck, operator and dump fees. | -22,500.00 | -22,500.00 |
|  | Includes water truck, operator and fire prevention measures. |  |  |
|  | To begin March 6th to be complete no later than April 6th |  |  |

| | **Total** | $37,500.00 |
|--|-----------|-----------|

LENDERS00286



# Invoice

Dave Hoggatt
4938 E. Buffalo Soldier Trail
Sierra Vista, AZ 85650

**PAID**

| Date | Invoice # |
|------|-----------|
| 4/20/2007 | 42007-4-9 |

**Bill To**

Rio Corte, LLC
Misty Gentili
4401 Redwood Street
Sierra Vista, AZ 85650

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
|  | Clearing and burning of green materials | 30,000.00 | 30,000.00 |
|  | Payment received | -15,000.00 | -15,000.00 |
|  | Demolition and removal of greenhouse on property | 45,000.00 | 45,000.00 |
|  | Payment received | -22,500.00 | -22,500.00 |
|  | Includes tree, large shrub and stump removal to include dump fees |  |  |
|  | **Total** |  | **$37,500.00** |

LENDERS00314

# UNCONDITIONAL WAIVER AND RELEASE OF LIEN
## (Pursuant TO A.R.S. Section 33-1008)
### *(Please read before signing)*

The undersigned has been paid a **progress payment** in the amount of $ 100,500.00, which brings our total payments on this project to $ 100,500.00

for all labor, services, equipment or material furnished as the Grading / Trenching contractor or supplier,

on the jobsite at Rio Corte Estates, Hereford, AZ for developer/builder **Rio Corte, LLC.**, (construction financed by Rio Corte Lender, LLC)

The undersigned unconditionally releases any Mechanic's Lien, any State, County, or Federal Statutory bond rights, any private bond rights, and any claim or payment rights by individuals employed by the undersigned on the above project.

This release covers the above payment for all labor, services, equipment, or materials furnished to the job site or the builder through the below date only, and does not cover any retention, pending modifications, or additional services or items provided after that date

Any extras or unforeseen charges accrued during construction not included in the original bid amount cannot be used as a lien unless additional agreement(s) were signed by both parties and must be released separately.

The undersigned further acknowledges and warrants that by signing this lien, he either has already or will use the monies he received from this payment to promptly pay in full all of his laborers, subcontractors, materialmen and suppliers for all work, materials, equipment, or services provided for or to the above referenced project up to the date of this waiver and payment.

DATE: 2/20/07 *(release covers all labor and material through this date)*

COMPANY NAME: Dave Hoggatt

SIGNATURE: _____

---

Notice: This document waives rights unconditionally and states that you have been paid for giving up those rights. This document is enforceable against you if you sign it, even if you have not been paid. If you have not been paid, use a conditional release form.

Uncond Waiver Lien Release.doc

LENDERS00276