Lawrence E. Wilk, #006510
Jonathan P. Ibsen, #023284
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000
email: lew@jaburgwilk.com
email: jpi@jaburgwilk.com

Attorneys for Webster Bank, N.A.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CHARLES JOHN CROWELL and<br>CHRISTA KAYE CROWELL<br><br>Debtors.<br>_____<br><br>WEBSTER BANK, N.A.<br><br>Plaintiff,<br>v.<br><br>CHARLES JOHN CROWELL and<br>CHRISTA KAYE CROWELL<br><br>Defendants. | In Proceedings Under<br>Chapter 11<br><br>Case No. 4:09-bk-07333 JMM<br><br>Adv. No. 4:09-ap-00912-JMM<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND OBJECTION TO DISCHARGE, |

Plaintiff, Webster Bank, N.A., ("Webster"), by and through undersigned counsel, for its Complaint against the above-named Defendants alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2. Venue is proper in the United States Bankruptcy Court for the District of Arizona pursuant to 28 U.S.C. § 1409(a), the Complaint is timely pursuant to Rule 4004, Federal Rules of Bankruptcy Procedure.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), 28 U.S.C. § 157(b)(2)(J). To the extent that any allegations are deemed to relate to non-core proceedings, said allegations fall within the purview of 28 U.S.C. § 157(b)(4). Plaintiffs consent to this Court's jurisdiction to enter findings of facts and conclusions of law to the extent the Court may rule on any non-core issue in this proceeding.

## GENERAL ALLEGATIONS

4. Webster is a national association, transacting business in Arizona.

5. ("Debtors" or "Defendants") filed a Petition for Relief under Chapter 11 of the United States Bankruptcy Code on April 14, 2009.

6. Webster is a secured creditor in this Bankruptcy Estate.

## NON-DISCHARGEABLE DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)

7. On or about April 14, 2008, in connection with obtaining a loan in the amount of $495,000.00 from Webster, the Debtors submitted a Uniform Residential Loan Application to Webster (the "Loan Application"). A copy of the Loan Application is annexed hereto as Exhibit "A" and is incorporated herein by reference.

8. As part of the Loan Application, the Debtors made various representations concerning their financial condition.

9. At the time the Debtors submitted the Loan Application to Webster, Debtors knew or should have known that the representations contained in the Loan Application were materially false or fraudulent because their income and expenses are significantly different than the amounts shown on the Bankruptcy Schedules and Statements filed by the Debtors in this Bankruptcy Case.

10. The specific misrepresentations include:

    a) Debtors listed total assets on the Loan Application of $2,083,778.00 (Exhibit "A" at pg. 2) while listing total assets of $1,269,200.00 on their Bankruptcy Schedules (DE No. 15);

b) Debtors listed total liabilities on the Loan Application of $1,703,184.00 (Exhibit "A" at pg. 2) while listing total liabilities of $13,721,665.62 on their Bankruptcy Schedules (DE No. 15); and

c) Debtors listed total monthly income of $19,860.00 on the Loan Application (Exhibit "A" at pg. 2) while listing total monthly income of $6,600.00 on Schedule I of their Bankruptcy Schedules (DE No. 15).

11. At the time Debtors submitted the Loan Application, they intended that Webster rely upon the Loan Application as part of Webster's decision to loan the Debtors $495,000.00.

12. Paragraph IX of the Loan Application states, in relevant part that:

> Each of the undersigned specifically represents . . . (1) the information provided in this application is true and correct . . . (7) the lender and its agents, brokers, insurers, servicers, successors or assigns may continuously rely on the information contained in the application, and I am obliged to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to the closing of the loan.

13. Webster was reasonable in its reliance on the accuracy of the Loan Application submitted by Debtors.

14. As a result of Debtors false and fraudulent Loan Application, Webster has been damaged in that Debtors have failed to pay any amounts owed by Debtors under the Loan Application.

15. Pursuant to 11 U.S.C. § 523(a)(2), as a result of Debtors use of false and fraudulent Financial Statement as part of the extension of credit by Webster, Debtors' indebtedness to Webster is non-dischargeable.

WHEREFORE, Webster prays that the Court enter a non-dischargeable judgment against the Debtors, husband and wife, jointly and severally, as follows:

JABURG & WILK, P.C.
ATTORNEY AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

1      A.    For amount of the monies due to Webster under the Loan Agreement due on the Petition Date;

B. That the Court decree that the Debtors' indebtedness to Webster is non-dischargeable pursuant to 11 U.SC. § 523(a)(2);

C. That the Court award Webster its reasonable attorney fees and costs; and

D. For such other and further relief as the Court deems just and proper.

DATED this 10th day of August, 2009.

**JABURG & WILK, P.C.**

/s/Jonathan P. Ibsen
Lawrence E. Wilk
Jonathan P. Ibsen
Attorneys for Creditor, Webster Bank, N.A.