**THIS ORDER IS APPROVED.**

**Dated: March 26, 2010**



_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**
_____



MCGUIRE GARDNER P.L.L.C.
Pernell W. McGuire  (SBN 015909)
320 N. Leroux
Flagstaff, AZ  86001
Telephone: (928) 779-1173
Facsimile: (928) 779-1175
pmcguire@mcguiregardner.com
Attorneys for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE | Case No.  4:09-bk-07333-JMM |
| CHARLES AND CHRISTA CROWELL | Chapter 11 |
| Debtor | **ORDER CONFIRMING SECOND AMENDED CHAPTER 11 PLAN** |

     The Second Amended Plan under Chapter 11 of Bankruptcy Code filed by Charles and Christa Crowell dated December 16, 2009 (the "Plan"), having been transmitted to creditors and parties in interest; and

     It having been determined after hearing on notice that the requirements for confirmation set forth in 11 U.S.C. § 1129(a) and (b) have been satisfied; and

     The Plan having been modified in resolution of various Objections as set forth more fully in Exhibit "A" attached hereto.  Resolution of the objections as provided in

1



Exhibit "A" is indicated by the agreement of counsel for the objecting creditors.  Any objections to confirmation not addressed in Exhibit "A" are denied.

Exhibit "B" hereto is a summary of the final treatment accorded to all classes.

IT IS ORDERED that the Second Amended Plan filed by Charles and Christa Crowell on December 16, 2009, as amended by Exhibit A to this Order, is confirmed.

Dated this _____ day of March, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED

/s/ Gerard O'Meara_____

Gerard O'Meara

Attorney for Decision One Mortgage

/s/ Leonard J. McDonald_____

Leonard J. McDonald

Attorney for Bank of America, Deutsche Bank, Saxon Mortgage

/s/ Jonathan Ibsen_____

Jonathan Ibsen

Attorney for Webster Bank



/s/ Denise Faulk

Denise Faulk

Attorney for Arizona Department of Revenue

/s/ Elizabeth Wilson

Elizabeth Wilson

Attorney for Internal Revenue Service

/s/ Charles Hyde

Charles Hyde

Attorney for J&J an A&A, LLC

/s/ James M. McGuire

James M. McGuire

Attorney for Debtors

**EXHIBIT "A"**

A. TREATMENT OF THE CLAIM OF THE ARIZONA DEPARTMENT OF REVENUE.

The claim of the Arizona Department of Revenue shall be added to the Second Amended Plan as Class 1B. The following language shall be added:

II(C)(1)(e)

e. <u>Treatment of Class 1B</u>.

The Debtors shall continue to timely file their tax returns and pay any taxes due thereon. Debtors shall file their 2008 personal income tax return and pay any taxes due thereon within 30 days of after the final confirmation order is signed by the Court. If the Debtors fail to pay all post-petition taxes before confirmation, all such post-petition taxes shall be due thirty days after Confirmation.

The Class 1B priority claim of the Arizona Department of Revenue is allowed in the amount of $2,270.87 and will be paid as follows: Debtor shall make equal monthly payments of $99.63 per month, including interest at five percent per annum, for twenty-four months, beginning thirty days after the confirmation date and continuing on the first day of each month thereafter.

The Class 10 general unsecured claim of the Arizona Department of Revenue is allowed in the amount of $422.29 and will be paid along with other Class 10 claims.

All payments to the Arizona Department of Revenue, pursuant to the Plan shall be made payable to "Arizona Department of Revenue" and mailed to Denise Ann Faulk, Bankruptcy & Collectin Enforcement Seciton, Arizona Attorney General's Office, 1275 W. Washington, Phoenix, Arizona 85007.

4

B. TREATMENT OF THE CLAIM OF THE INTERNAL REVENUE SERVICE.

Treatment of Class 1A shall be amended by modifying the plan language as follows:

II(C)(1)(d).

The Debtors shall pay the Class 1A priority claim the sum of $19,494.15, in 48 equal monthly installments of $440.16 beginning on the the 1st of the month following the Effective Date. The IRS shall have a general unsecured claim in the amount of $656.63.

Further, the plan is modified to make clear that the Plan does not, and can not discharge tax liabilities that are not satisfied by the Plan and that are non dischargeable.

The plan is also modified to make clear that the Plan does not seek to extend the automatic stay to property that has revested with Debtors upon confirmation.

The Plan is also modified to include the following default provision:

In the event that the Debtors default on any payment due to the Internal Revenue Service as required under the confirmed plan, and in the event that the Debtors fail to cure said default within thirty days after written notice of the default is mailed to Debtors' attorney, the entire imposed liability together with any unpaid current liabilities, shall become due and payable immediately. The Internal Revenue Service may collect unpaid liabilities that become due as a result of the default, through the administrative collection provisions or the judicial remedies as set forth in the Internal Revenue Code. The Internal Revenue Service shall not be required to seek a modification from the automatic stay to collect any tax liabilities that were not discharged by the confirmation of the plan and from property that has revested with the Debtors.

C.  TREATMENT OF THE CLAIM OF WEBSTER BANK.

The treatment of the Class 3 Claim of Webster Bank shall be amended by modifying the Plan language as follows:

II(C)(3)

Beginning on the 1st of the month following the Effective Date (as defined in the Second Amended Plan), the DEBTORS shall pay the Class 3 Claim Holder Webster bank, the sum of $400,000 with interest at the fixed rate of 3.0% per annum over 30 years with a balloon payment of all remaining principal and interest coming due six years after the Effective Date.  The amount of said payment during he pendency of the plan shall be $1,686.42 per month.  The balloon payment is estimated to be approximately $345,102.00.  All other terms and conditions of the parties' loan documents shall remain the same, and Webster's lien shall remain in place until Webster is paid in full.

Webster's shall have an allowed unsecured claim in the amount of $94,483.19.

Webster's Motion for Relief from the Automatic Stay (Docket 26) is granted. Webster shall not proceed with any foreclosure unless or until either (1) the Court's denial of confirmation; or (2) a default under the Plan.  Upon the occurrence of either aforementioned event, Webster may proceed with foreclosure and all other remedies available to it under the law.

D.  TREATMENT OF THE CLAIMS OF DEUTSCHE BANK AND J&J and A&A, LLC.

With respect to the treatment of the claims of Deutsche Bank and J&J and A&A, LLC, concerning the property at 2977 Camino Las Palmeras, the Class 7 and 7A claims shall be paid as follows:

6

Beginning on the 1st of the month following the Effective Date, the Debtors shall pay to an escrow account to be agreed upon by counsel for Deutsche Bank and J&J and A&A, LLC, the sum of $375,000 with interest at the fixed rate of 5.5% per annum over 30 years with a balloon payment of all principal and interest coming due six years after the Effective Date. The Debtors shall further pay to the Class 7 and 7A Claim Holders all cash collateral attributable to the rental of the property securing the Class 7 and 7A Claims existing on the Effective Date. All other terms and conditions of the parties' loan documents shall remain the same.

The monies in the escrow account shall be distributed pursuant to Court order after resolution of the adversary proceeding filed by Deutsche Bank against J&J and A&A, LLC, adversary number: 4:10-ap-156. If Deutsche Bank and J&J and A&A, LLC are unable to agree on the escrow account that Debtor is supposed to deposit the funds into, the Debtor shall deposit the funds with the Clerk of the Bankruptcy Court.

E. TREATMENT OF THE CLAIM OF DECISION ONE MORTGAGE.

The treatment of the claim of Decision One Mortgage has been resolved by stipulation. The automatic stay has been lifted and Decision One has agreed to cancel and restart the Trustee's sale on the property using the correct legal description.

F. TREATMENT OF THE CLAIM OF SAXON MORTGAGE.

The treatment of the Class 6 claim of Saxon Mortgage shall be amended by modifying the Plan language as follows:

II(C)(6)

Beginning on the 1st of the month following the Effective Date, the debtors shall pay the Class 6 Claim Holder, Saxon Mortgage, the sum of $165,000 with interest at the fixed rate of 5.5% per annum over 30 years with a balloon payment of all principal and interest coming due **five** years after the Effective Date. All other terms and conditions of the parties' loan documents shall remain the same.

7



## EXHIBIT "B"

| Class | Final Treatment in Second Amended Plan |
|---|---|
| 1A | The Internal Revenue Service will be paid the sum of $19,494.15, in 48 equal monthly installments of $440.16 beginning on the 1st of the month following the Effective Date. The IRS shall have a general unsecured claim in the amount of $656.63. |
| 1B | The Class 1B priority claim of the Arizona Department of Revenue is allowed in the amount of $2,270.87 and will be paid as follows: Debtor shall make equal monthly payments of $99.63 per month. The Arizona Department of Revenue shall have a general unsecured claim in the amount of $422.29. |
| 2 | The Claim of Tombstone Federal Credit Union will be paid in the amount of $36,215.00 in 72 monthly installments at $591.68. |
| 3 | The Class 3 claim of Webster Bank in the amount of $400,000 will be paid at $1,686.42 per month. The balloon payment is estimated to be approximately $345,102.00. Webster shall have an allowed unsecured claim in the amount of $94,483.19. |
| 4 | The Class 4 claim of Decision One Mortgage shall be satisfied from the sale of it's collateral. |



| | |
|---|---|
| 5 | The Class 5 Claim of Litton Loan Servicing in the amount of $265,000 shall be paid at the fixed rate of 5.5% per annum over 30 years with a balloon payment due six years after the effective date. |
| 6 | The Class 6 Claim of Saxon Mortgage in the amount of $165,000 shall be paid at the fixed rate of 5.5% per annum over 30 years with a balloon payment of all principal and interest coming due **five** years after the Effective Date. |
| 6A | The Class 6A Claim of Litton Loan Servicing in the amount of $30,000 shall be paid at the fixed rate of 5.5% per annum over 30 years with a balloon payment of all principal and interest coming due six years after the Effective Date. |
| 7 & 7A | The Class 7 & 7A Claims of Deutsche Bank and J&J and A&A shall be paid pursuant to the terms of the plan, pending final resolution of the adversary proceeding. |
| 8 | The debtors shall pay the Class 8 claim holder, Cochise County, the amount of $9,526.55 with interest at the rate of 16% per annum in sixty equal monthly installments of $231.67. |
| 9 | The debtors do not believe that the Class 9 Claimants, the Lending Entities, hold a valid claim against the estate. However, the Debtors will set aside the pro rata amount for these unsecured creditors in the event they establish the validity of their claims. |
| 10 | Beginning on the second anniversary of the Effective Date, the Debtors shall pay the amount of $2,000 per month in 48 monthly payments to the Class 10 Claims in accordance with 11 U.S.C. §1129(a)(15). |



| Admin Claims | The Debtors will pay the administrative claim consisting of their attorneys fees, provided they are approved by the Court, in the amount of $2,000 per month for the first 24 months of the Plan, with any additional amounts being paid pursuant to an agreement between the parties. |
|---|---|